UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ERGON –ST. JAMES, INC.** | * | CIVIL ACTION NO. _____ |
| | * | |
| **PLAINTIFFS** | * | |
| | * | |
| versus | * | |
| | * | |
| **M/V PRIVOCEAN,** | * | |
| | * | |
| **DEFENDANT** | * | |

## ORIGINAL COMPLAINT

COME NOW Ergon – St. James, Inc. ("Plaintiff"), who files this Complaint against Defendant Vessel, M/V PRIVOCEAN, ("the Vessel"), and alleges:

### I. Jurisdiction and Parties

1. Plaintiff, Ergon—St. James, Inc., is a corporation duly formed under the laws of Mississippi and licensed to and doing business in Louisiana.

2. Defendant Vessel, the M/V PRIVOCEAN, is a bulk carrier operating in United States waters under the call sign 9HA3004, Official No. 9628087, and is now within this District currently anchored or heading southbound on the Mississippi River, but which vessel has been released to sail by the United States Coast Guard.

3. This is an action against the Vessel, her engines, tackle, apparel, boilers, equipment and appurtenances, in rem, to recognize Maritime Liens over the Vessel and a security interest in favor of Plaintiff.

4. This is a case of Admiralty and Maritime jurisdiction and this Court has jurisdiction pursuant to 28. U.S.C. §1333 and §1331.

{N3002753.2}

5. Venue is proper in this district because the Vessel is located within this district as required by 28 U.S.C. §1391(b).

## II.  Factual Allegations

6. Plaintiff is the owner and operator of a crude oil terminal located at LMR 160.7 on the west bank of the Mississippi River in St. James Parish.

7. On April 6, 2015, the M/T BRAVO, a crude oil tanker, was berthed at the Ergon – St. James terminal, discharging a load of crude oil.

8. On April 6, 2015, the Defendant Vessel was moored at the IC Railmarine Terminal wharf ("ICR"), located at LMR 160.9 on the east bank of Mississippi River.

9. At approximately 4:00 p.m. on April 6, 2015, the Defendant Vessel broke loose from its moorings, travelled across the Mississippi River and allided with the M/T BRAVO and her two assist tugs.

10. Over a period of approximately 45 minutes, the Defendant Vessel pushed the M/T BRAVO into Plaintiff's facility, ripping through Plaintiff's ship berth and into its barge berth.

11. As a result of the Vessel's allision with the M/T BRAVO, oil was released into the river from the offloading operation. Plaintiff immediately engaged its pollution response team to respond to the incident, contain and/or clean up any existing oil.

12. Additionally, as a result of the Vessel's allision with the M/T BRAVO, the dock and equipment at Plaintiff's facility were destroyed and/or significantly damaged, such that the facility will be closed for repairs for a substantial amount of time.

## III.  COUNT I

13. Plaintiff re-alleges each of the allegations of Paragraphs 1 through 12 above, as if set forth in full herein.

14. In light of the significant damage to Plaintiffs' property and business caused by this allision, Plaintiff has a maritime lien against the Defendant Vessel.

15. Further, as a result of the allision, Plaintiff has incurred and will continue to incur additional expenses not limited to pollution, clean-up, surveys, repair, replacement and salvage costs resulting in a maritime lien against the Vessel.

16. Plaintiff has the right to enforce its maritime lien against the vessel to recover for the damages sustained and that Plaintiff continues to sustain and for all other such legal and equitable relief as is just and due under admiralty and maritime jurisdiction.

### IV.  COUNT II

17. Plaintiff re-alleges each of the allegations of Paragraphs 1 through 16 above, as if set forth in full herein.

18. Pursuant to the United States Code and the Local Rules of this Court, notice of these proceedings must be given to the owner or master of the Vessel and all persons who have recorded lien(s) with the U.S. Coast Guard, and Plaintiff requests that the Court order such notification to be made to such persons by certified mail, delivered to their last known address on file with the United States Coast Guard.

19. An Affidavit by Plaintiff's authorized representative verifying the facts of this Complaint is attached as <u>Exhibit "1"</u>.

20. Plaintiff will agree to hold harmless and indemnify the U.S. Marshal and all of its deputies from any and all liability as a result of seizing the Defendant Vessel.

### PRAYER

WHEREFORE, PREMISES CONSIDERED, PLAINTIFF PRAYS:

(a) That process as provided by law and according to practice of this Court in causes

of Admiralty and Maritime Jurisdiction pray issue against the vessel PRIVOCEAN;

(b)  That the Court issue an Order and Warrant of Arrest of the United States Marshal Service ordering the seizure of the vessel PRIVOCEAN;

(c)  That the Court order an auction of the Vessel to be conducted by the United States Marshals' Office for the Eastern District of Louisiana; and

(d)  That the Court award reasonable attorneys' fees at all levels of the legal process; for costs of Court herein and for such other and further relief, both general and special, at law or in equity, to which Plaintiffs may be justly entitled.

Respectfully submitted,

/s/ C. Barrett Rice
C. BARRETT RICE (#30034)
CATHERINE S. CORDES (##35090)
Jones Walker LLP
201 St. Charles Avenue - 48th Floor
New Orleans, Louisiana 70170-5100
Telephone:  (504) 582-8238
Facsimile:   (504) 589-8238
E-Mail:       brice@joneswalker.com

*Attorney for Plaintiff, Ergon – St. James, Inc.*