UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOIUSIANA

| | | |
|---|---|---|
| BRAVO SHIPPING LTD | * | CIVIL ACTION NO. 2:15-cv-01137 |
| Versus | * | JUDGE FALLON |
| PRIVOCEAN SHIPPING LTD And the M/V PRIVOCEAN, her Engines, tackle, apparel, furniture Etc., *in rem* | * | MAGISTRATE WILKINSON |

## VERIFIED COMPLAINT IN INTERVENTION

NOW INTO COURT, through undersigned counsel comes Intervenor, Crescent Towing & Salvage Co., Inc. (hereinafter "Crescent") as owner/operator of the M/V TEXAS, M/V G. SHELBY FRIEDRICHS, M/V ADMIRAL JACKSON and M/V NED FERRY and, for its Verified Complaint in Intervention, avers as follows:

1.

Crescent is a domestic corporation organized and doing business under the laws of the State of Louisiana with its principal place of business in this District.

2.

On April 9, 2015, Ergon-St. James, Inc. filed its original Complaint against the M/V PRIVOCEAN for damages sustained to the Ergon-St. James, Inc. dock in St. James Parish, Louisiana. Crescent, as set forth below, sustained damages to four (4) tug boats owned by Crescent, those being M/V TEXAS, M/V NED

FERRY, M/V G SHELBY FRIEDERICHS and M/V ADMIRAL JACKSON in the same incident. Furthermore, the individual crewmembers of the four Crescent tugs have sustained physical and/or mental and/or emotional injuries as a result of the same incident. As such, under Federal Rule of Civil Procedure 24, Crescent has an interest relating to the property or transaction that is the subject of the original Complaint of Ergon-St. James, Inc. Moreover, as the M/V PRIVOCEAN could leave the jurisdiction of the Court, Crescent is so situated that disposing of the original Complaint may, as a practical matter, impair or impede Crescent's ability to protect its interest.

3.

M/V PRIVOCEAN, her engines, tackle, and appurtenances, etc. *in rem* (hereinafter the PRIVOCEAN), on information and belief at all times pertinent a foreign-flag vessel of Malta registry Official No. 9628087, 229 meters in length overall that has done business upon the navigable waters of this District and as of the filing of this Verified Complaint is within this District and subject to the jurisdiction of this Court.

4.

Venue is proper in this District based upon the occurrence of marine casualty on the navigable waters within this District.

5.

Federal subject matter jurisdiction exists based on 28 U.S.C. 1333. This matter is designated as with the Court's admiralty jurisdiction pursuant to Federal Rule of Civil Procedure 9(h).

6.

The PRIVOCEAN, through her pilots called for the assistance of Crescent to provide assist tugs to hold in the vessels at Convent Marine Terminal (hereinafter "CMT"), on or about April 3, 2015.

7.

The two Crescent tugs provided to assist the PRIVOCEAN were the M/V NED FERRY (hereinafter "NED FERRY") AND THE M/V TEXAS (hereinafter "TEXAS").

8.

At approximately 1600 hours on April 6, 2015, the M/V PRIVOCEAN broke away from the CMT and fell down river toward the Ergon-St. James dock with the TEXAS still made up to the M/V PRIVOCEAN. The M/V PRIVOCEAN and M/V TEXAS collided with the M/V BRAVO, which was being held in at the Ergon-St. James dock by the Crescent tugs M/V G SHELBY FRIEDERICHS (hereinafter "SHELBY") and the M/V ADMIRAL JACKSON (hereinafter "ADMIRAL"), causing damages to all four (4) tug boats and physical and/or

mental and/or emotional injuries to the individual crew members of all four (4) tugs, each of which is a Crescent employee. Each crewmember of the four individual tugs were Jones Act Seamen for which Crescent owes maintenance and cure.

9.

The M/V PRIVOCEAN fell and struck the M/V BRAVO, with the M/V TEXAS being smashed between the two vessels despite the heroic efforts of the M/V TEXAS pushing in on the bow of the M/V PRIVOCEAN as it fell toward the M/V BRAVO.

10.

Each of the four (4) Crescent tugs loss the lines that were made up to the M/V PRIVOCEAN or the M/V BRAVO due to the breakaway of the M/V PRIVOCEAN.

11.

The M/V PRIVOCEAN broke away as a direct result of the negligence, unseaworthiness, and/or other fault of the M/V PRIVOCEAN, her owner and charterers in:

    a.    Failing to properly tend the mooring line(s);

    b.    Failing to deploy forward breast lines;

    c.    Failing to use a third tug;

d. Failing to respond to requests for release of the line of the M/V NED FERRY;

e. Failing to properly communicate with other vessels, including but not limited to the Crescent vessel(s);

f. Failing to properly maintain the lines;

g. All other such acts and/or omissions of negligence, unseaworthiness, and or other fault as may be revealed in discovery and proven at trial.

12.

As a direct result of the negligence, unseaworthiness, and/or other fault of the M/V PRIVOCEAN, Crescent has suffered damages to its property, including but not limited to the following non-exclusive particulars, to-wit: loss of use of the M/V TEXAS, property damage to the M/V NED FERRY, M/V TEXAS, M/V SHELBY, and the M/V ADMIRAL, and other costs and expenses. Additionally, as Jones Act employer, Crescent owes maintenance and cure to its employees and has incurred medical and transportation expenses due to the incident. Without admitting any negligence of Crescent, Crescent reasonably believes that it will be subject to claims by its employees who were injured in the incident. The M/V PRIVOCEAN *in rem* is jointly and severally liable for any negligent acts of its owners, crew, charterers, and pursuant to the General Maritime Law, Crescent is entitled to indemnity from M/V PRIVOCEAN for all such damages, and personal

injuries, pain and suffering, and loss of the personal belongings of the crew of the tugs, contingent liabilities to crew, M/V BRAVO, Ergon dock, and all other interested parties.

WHEREFORE, intervenor prays:

1. That the Clerk of Court maintain the arrest and seizure of the M/V PRIVOCEAN, her engines, tackle, apparel, etc.

2. That all persons claiming any right, title or interest in said vessel be summoned to appear and to answer under an oath all and singular the matters of the aforesaid, and that said vessel be condemned and sold to pay the demands as aforesaid, with interest, costs and disbursements;

3. The Court recognize a lien upon the M/V PRIVOCEAN in maritime tort in favor of Crescent Towing & Salvage Co., Inc. and its employees, including their heirs and assigns, to the extent of damages caused as a result of the incident;

4. That the said Warrant of Arrest permit the M/V PRIVOCEAN to continue and/or complete its discharge of cargo, and otherwise permit the M/V PRIVOCEAN to move freely within the jurisdiction of the Eastern District of Louisiana;

5. That there be judgment in favor of Crescent Towing & Salvage Co., Inc. and against the M/V PRIVOCEAN for damages sustained herein; and

6. For all such other and further relief in the premises as law and justice may allow.

Respectfully submitted:

PREIS PLC

_____
DAVID M. FLOTTE, T.A. (#1364)
DARYL J. DAIGLE (#18858)
601 Poydras Street, Suite 1700
New Orleans, Louisiana 70130
Phone: 504-581-6062
dmf@preisplc.com
djd@preisplc.com

**Counsel for Crescent Towing & Salvage Co., Inc.**

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOIUSIANA

| | | |
|---|---|---|
| **BRAVO SHIPPING LTD** | * | **CIVIL ACTION NO. 2:15-cv-01137** |
| | * | |
| Versus | * | **JUDGE FALLON** |
| | * | |
| **PRIVOCEAN SHIPPING LTD** | * | **MAGISTRATE WILKINSON** |
| And the M/V **PRIVOCEAN**, her | * | |
| Engines, tackle, apparel, furniture | * | |
| Etc., *in rem* | * | |

## VERIFICATION

BEFORE ME, the undersigned authority, personally came and appeared:

DAVID M. FLOTTE

who, after being duly sworn did say:

He is the attorney representing Intervenor in this matter and that the information set forth in the Complaint is true and correct based upon information provided by his clients and observations of the vessels and facilities involved.

_____
DAVID M. FLOTTE

Sworn to and subscribed before me this 13th day of April, 2015.

_____
NOTARY PUBLIC

1747080   Daryl D. Daigle
Notary Public
La. Bar Roll No. 18858
Notary ID No.
Commission