UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ERGON-ST. JAMES, INC. | * | CIVIL ACTION NO. 15-01121 |
|     Plaintiff | * | c/w |
| | * | |
| VERSUS | * | CIVIL ACTION NO. 15-01137 |
| | * | and 15-01206 |
| M/V PRIVOCEAN | * | |
|     Defendant | * | JUDGE ZAINEY |
| | * | |
| | * | MAGISTRATE KNOWLES |

**THIS PLEADING PERTAINS TO THE LIMITATON ACTION, CIVIL NO. 15-1206**

**ANSWER**

NOW INTO COURT, through undersigned counsel, come the crew of the M/V TEXAS namely Captain Gawain Schouest, Engineer Robert Minton, Captain Kyle Ledet, and Deckhand Cory Daroca, who for their Answer to the Verified Complaint in Limitation responds as follows:

**FIRST DEFENSE**

The crew of the M/V TEXAS namely Captain Gawain Schouest, Engineer Robert Minton, Captain Kyle Ledet, and Deckhand Cory Daroca admits the allegations of Articles (1), (2), (3), (6), and (9); denies the allegations of Articles (4), (7), (8), (13), (14), (15), (16), (17), and (18); denies the allegations of Article (5), except to admit that during the afternoon of April 6, 2015 while moored starboard side to the Convent Marine Terminal (hereinafter "CMT") dock, M/V PRIVOCEAN broke away despite two "hold in tugs" including TEXAS on the bow and NED FERRY on the stern, and that M/V PRIVOCEAN went across the river, striking M/V BRAVO moored at the Ergon-St. James wharf facility and that TEXAS was pushed under M/V BRAVO by M/V PRIVOCEAN, and that the M/V PRIVOCEAN also damaged the Ergon-St. James wharf, caused an oil spill, and injured the crew of the TEXAS; denies the allegations of Article (6) except

to admit the verified Complaint in Limitation was filed on April 15, 2015; denies the allegations of Article (10) and (11) for lack of information to justify a belief therein; denies the allegations of Article (12), except to admit that the M/V PRIVOCEAN broke away from CMT dock on April 6, 2015; and avers that the allegations of the Prayer, beginning on Page 5 of the Complaint, Articles (1), (2), (3), (4), (5), and (6) are denied.

## SECOND DEFENSE

The Verified Complaint in Limitation fails to state a cause of action pursuant to the provisions of the Limitation of Liability Act and the Supplemental Rules for Admiralty and Maritime Cases because it fails to set forth details as to the voyage, its commencement, its duration and the location of its ending as required by law including but not limited to Rule F(2) of the Supplemental Rules for Admiralty and Maritime Cases, Federal Rules of Civil Procedure.

## THIRD DEFENSE

The owners and operators of the M/V PRIVOCEAN are not entitled to limit their liability to the value of the vessel plus pending freight because the owners and operators of the ship in Greece had privity and knowledge of the problems prior to such breakaway.

## FOURTH DEFENSE

To the extent that the owner and operator of the M/V PRIVOCEAN have filed a Complaint in the United States District Court for the Eastern District of Louisiana, such parties are no longer entitled to claim any special appearance before this Court and additionally, they are subject to the *in personam* jurisdiction of this Court pursuant to the provisions of Louisiana's Non-Resident Watercraft Act because they have committed a tort within the State of Louisiana and within the United States District Court for the Eastern District of Louisiana.

**FIFTH DEFENSE**

The M/V PRIVOCEAN is insured with Gard Insurance Company which is the issuer of the Letter of Undertaking having a dual role within the jurisdiction of this Court.  Even if the value of the M/V PRIVOCEAN is less than $30 million, the Claimants are entitled to security from Gard in the agreed value of the vessel, $30 million, in accordance with Clause 18-37 of the Nordic Marine Insurance Plan of 2013, and to recover all of their losses without reduction or proration from Gard pursuant to Louisiana's Direct Action Statute.

**SIXTH DEFENSE**

Petitioners herein and Gard Insurance Company are joint and severally liable for all damages sustained without limitation of any type, kind or nature, without any insurance limits up to the value of the losses.

WHEREFORE, Claimants pray that their answer be deemed good and sufficient and that after due proceedings, that there be judgment in their favor and against Petitioners:

1. Increasing security to $30 million plus 6% per annum from April 10, 2015 until paid;

2. Denying limitation of liability in all respects; and

3. Assessing a judgment jointly, severally and against Petitioners and their insurers for all losses and damages sustained as a result of the casualty.

Respectfully submitted:

*/s/ DAVID M. FLOTTE*
DAVID M. FLOTTE, T.A. (#1364)
MARCELLE P. MOULEDOUX (#30339)
SALLEY, HITE, MERCER & RESOR, LLC
One Canal Place
365 Canal Street – Suite 1710
New Orleans, LA   70130
Tele:   (504) 566-8800
Fax:    (504) 566-8828
Email: dflotte@shrmlaw.com
           mmouledoux@shrmlaw.com

***ATTORNEYS FOR GAWAIN SCHOUEST, ROBERT MINTON, KYLE LEDET, AND CORY DAROCA***

## CERTIFICATE OF SERVICE

I hereby certify that on February 22, 2016, I electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all persons electronically noticed.  I further certify that I mailed the foregoing document and the notice of electronic filing by placing same in the United States mail, postage prepaid and properly addressed, to any non-CM/ECF participants.

*/s/David M. Flotte*
DAVID M. FLOTTE