UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ERGON-ST. JAMES, INC. | * | CIVIL ACTION NO. 15-01121 |
|     Plaintiff | * | c/w |
| | * | |
| VERSUS | * | CIVIL ACTION NO. 15-01137 |
| | * | and 15-01206 |
| M/V PRIVOCEAN | * | |
|     Defendant | * | JUDGE ZAINEY |
| | * | |
| | * | MAGISTRATE KNOWLES |

**THIS PLEADING PERTAINS TO THE LIMITATON ACTION, CIVIL NO. 15-1206**

**CLAIM OF CRESCENT TOWING & SALVAGE CO., INC.,
AND CREW OF M/V TEXAS**

The claim of Crescent Towing & Salvage Co., Inc. (hereinafter "Crescent") as owner/operator of the M/V TEXAS, M/V G SHELBY FRIEDRICHS, M/V ADMIRAL JACKSON, M/V NED FERRY, and the crew of the M/V TEXAS namely Captain Gawain Schouest, Engineer Robert Minton, Captain Kyle Ledet, and Deckhand Cory Daroca, with respects represents:

1.

Crescent is a domestic corporation organized and doing business under the laws of the State of Louisiana with its principal place of business in this district.

2.

Captain Gawain Schouest, Captain Kyle Ledet, and Deckhand Cory Daroca are persons of the age of majority domiciled in this district. Engineer Robert Minton is domiciled in Hancock County, Mississippi.

3.

Crescent sustained monetary damages due to the negligence and/or unseaworthiness and/or

fault of Privocean Shipping Ltd., and/or Bariba Corporation, as owners and managing owners of the M/V PRIVOCEAN, and as a result of the negligence and fault of the M/V PRIVOCEAN, *in rem*, during the voyage in question which is the subject of the complaint seeking exoneration from or limitation of liability in the above referenced matter.

4.

Federal subject matter exists based upon 28 USC 1333.

5.

Beginning on or about April 3, 2015, the M/V PRIVOCEAN called on the berth of Convent Marine Terminal (hereinafter "CMT") to carry a cargo of coal in bulk from CMT located in Convent, Louisiana to Rotterdam in the Netherlands.  The M/V PRIVOCEAN, was at all material times a bulk carrier 229 meters in length, 32.3 meters in width, 81,434 metric dead weight tonnage which took on a cargo of coal in bulk of 72,684.26 metric tons loading between April 3, 2015 and April 6, 2015.

6.

The M/V PRIVOCEAN called for Crescent to provide tugs to assist in holding her into CMT dock between April 3 and April 6, 2016 during docking, loading, and shifting operations.

7.

At approximately 1600 hours on April 6, 2015, the M/V PRIVOCEAN broke away from CMT and fell down river toward the Ergon-St. James dock with the M/V TEXAS made up to the port bow of the M/V PRIVOCEAN and the M/V NED FERRY (hereinafter "NED") made up to port stern of the M/V PRIVOCEAN.

8.

At the time of the breakaway of the M/V PRIVOCEAN, from CMT dock located on the

left descending bank of the Mississippi River, the M/V BRAVO, an Aframax oil tanker, was located on the right descending bank of the river at Convent, Louisiana at the Ergon dock where it was in the process of an oil cargo transfer.

9.

At the time of the breakaway of the M/V PRIVOCEAN from CMT dock, Crescent's Tug M/V G SHLEBY FRIEDRICHS (hereinafter "SHELBY") and M/V ADMIRAL JACKSON (hereinafter "ADMIRAL") were made up to the M/V BRAVO and providing assistance to hold her into the Ergon-St. James dock.

10.

The M/V PRIVOCEAN broke away from the CMT dock and fell down river toward the Ergon-St. James dock with the TEXAS made up to the M/V PRIVOCEAN. The M/V PRIVOCEAN and the TEXAS collided with the M/V BRAVO which was being held at the Ergon-St. James dock by the aforesaid Crescent tugs.

11.

The M/V PRIVOCEAN fell to port and then struck the M/V BRAVO with the TEXAS being smashed between the two ships despite the efforts of the TEXAS pushing on the bow of the M/V PRIVOCEAN as it fell into the M/V BRAVO. The M/V PRIVOCEAN broke away from the CMT dock as a result of the negligence, unseaworthiness, and other fault of the M/V PRIVOCEAN, her owner, master, operators, and charterers in:

    a.    Failing to properly tend the ship's mooring line(s);

    b.    Failing to deploy any forward breast lines;

    c.    Failing to use a third tug (to save money);

    d.    Failing to properly secure the ship's mooring lines to the ship's bits and winches which allowed the mooring lines to unexpectedly pay out;

  e.  Failing to respond to requests for release of the tug line of the NED;

  f.  Failing to properly communicate with other vessels including, but not limited to, the Crescent tugs;

  g.  Failing to properly maintain the ship's lines and replace any lines which were less than 40% of their breaking strength when new; and

  h.  Other acts and/or omissions of negligence, unseaworthiness, and/or fault as may be revealed in discovery and proven at trial.

12.

Additionally, M/V PRIVOCEAN accepted the CMT berth within the meaning of *Bunge Corp. M/V FURNACE BRIDGE*, 558 F.2d 796 (5th Cir.1977), *cert denied*, 98 S.Ct. 1488 (1978). The master issued notes of protest concerning the safety of the berth and despite issuance of such notes of protest and problems with the crew including a new chief mate and new chief engineer, the M/V PRIVOCEAN master failed to keep its engines in a ready position which would have allowed the M/V PRIVOCEAN to avoid any collision whatsoever despite the breakaway. Those in charge of the navigation of the M/V PRIVOCEAN were in the process of sending emails as the ship was breaking out of the berth instead of using the ship's engines to maneuver away from the M/V BRAVO and/or Ergon-St. James dock, which are additional acts of negligence that led to the collision.

13.

The TEXAS, and her crew namely Gawain Schouest, Captain; Robert Minton, Engineer; Kyle Ledet, Captain; and Cory Daroca, Deckhand were aboard the TEXAS when it was crushed. The tug with crew were keelhauled under the bow of the M/V BRAVO as they were drug up river by the M/V PRIVOCEAN.

14.

Crescent sustained heavy physical damages to the TEXAS, loss of use of that vessel and has incurred maintenance and cure and has advanced lost wages for the crews of TEXAS, SHELBY, and NED.  Additional losses sustained by Crescent included lost tug lines for the TEXAS, SHELBY, ADMIRAL and NED and other incidental expenses including survey fees, attorney's fees, costs of extra captains and wheelman and other incidental expenses.

15.

The owners and operators of the M/V PRIVOCEAN are not entitled to limit their liability to the value of the vessel plus pending freight because the owners and operators of the ship had privy and knowledge of the cause of the casualty, prior to the breakaway.

16.

Captain Gawain Schouest, Engineer Robert Minton, Captain Kyle Ledet, and Deckhand Cory Daroca have sustained personal injuries, disability, loss of function, loss of enjoyment of life, property damages, emotional losses, and other physical and mental injuries as a result of the aforementioned incident in Convent, Louisiana for which they are entitled recovery, including loss of wages, earning capacity.

## **SECOND CAUSE OF ACTION – NON-RESIDENT WATERCRAFT ACT**

17.

The previous allegations are re-alleged and re-averred as fully and completely as if set forth herein *in extenso.*

18.

Bariba Corp. and Privocean Shipping Ltd. operated a deep draft bulk carrier in the territorial waters of the State of Louisiana.

19.

Pursuant to the provisions of Louisiana's Non-Resident Watercraft Act, LSA-R.S.13:3480, Privocean Shipping Ltd. and Bariba Corp. have appointed the Louisiana Secretary of State as their agent for service of process in connection with the above referenced incident because it is a claim for negligence arising out of the operation of a foreign flag vessel in Louisiana state waters. Moreover, Privocean Shipping Ltd. and Bariba Corp. have sought affirmative relief and protection pursuant to the U.S. Federal Limitation of Liability Act in the United States District Court for the Eastern District of Louisiana and accordingly each has waived any defenses to *in personam* jurisdiction and/or the specific requirements of service upon the Louisiana Secretary of State. Accordingly, service can effected by electronic delivery of this claim to their counsel of record herein.

## THIRD CAUSE OF ACTION – DIRECT ACTION

20.

Claimants re-allege and re-aver all allegations as fully and completely as if copied herein *in extenso*.

21.

The M/V PRIVOCEAN is insured with Gard Insurance Company which is the liability insurer of M/V PRIVOCEAN. Gard Insurance Company, as liability carrier, has appointed the Secretary of State as its agent for service of process and is subject to suit pursuant to Louisiana's Direct Action Statute, LSA-R.S. 22:655.

22.

Pursuant to the Louisiana Direct Action Statute, even if the value of the M/V PRIVOCEAN is less than $30 million, claimants are entitled to recovery from Gard Insurance

Company in the amount of the agreed insured value of the vessel which is $30 million in accordance with Clauses 18-13 of Nordic Marine Insurance Plan of 2013.

23.

Privocean Shipping Ltd., Bariba Corp., M/V PRIVOCEAN *in rem*, and Gard Insurance Company are jointly and severally liable for all damages sustained by claimants without limitation of any type, kind or nature and without any insurance limits up to the value of the losses sustained.

WHEREFORE, claimants pray that their claim be deemed good and sufficient and after due proceedings, that there be judgment in their favor and against petitioners:

1. Increasing security to the amount of the claims;

2. Denying limitation of liability in all respects;

3. For a judgment against Privocean Shipping Ltd.; Bariba Corp.; M/V PRIVOCEAN, in rem; and Gard Insurance Company jointly, severally, and *in solido* for all losses and damages sustained.

Respectfully submitted:

  */s/ DAVID M. FLOTTE*
DAVID M. FLOTTE, T.A. (#1364)
MARCELLE P. MOULEDOUX (#30339)
SALLEY, HITE, MERCER & RESOR, LLC
One Canal Place
365 Canal Street – Suite 1710
New Orleans, LA   70130
Tele:   (504) 566-8800
Fax:    (504) 566-8828
Email:  dflotte@shrmlaw.com
           mmouledoux@shrmlaw.com

**ATTORNEYS FOR CRESCENT TOWING & SALVAGE CO., INC., GAWAIN SCHOUEST, ROBERT MINTON, KYLE LEDET, AND CORY DAROCA**

**PLEASE SERVE:**

Gard Insurance Company
Through the Louisiana Secretary of State
Tom Schedler
8585 Archives Avenue
Baton Rouge, LA   70809

## CERTIFICATE OF SERVICE

     I hereby certify that on February 22, 2016, I electronically filed the foregoing pleading with the Clerk of Court by using the CM/ECF system which will send a notice of electronic filing to all persons electronically noticed.  I further certify that I mailed the foregoing document and the notice of electronic filing by placing same in the United States mail, postage prepaid and properly addressed, to any non-CM/ECF participants.

                                         */s/ David M. Flotte*
                                        DAVID M. FLOTTE