UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| ERGON-ST. JAMES, INC. | ) | Civil Action |
|         Plaintiff | ) | Case No.: 15-01121 |
| | ) |   c/w 15-1137 & 15-1206 |
| versus | ) | |
| | ) | Section "A" |
| M/V PRIVOCEAN | ) | Judge Zainey |
|         Defendant | ) | |
| | ) | Magistrate Division "3" |
| **THIS PLEADING PERTAINS TO** | ) | Magistrate Judge Knowles |
| **THE LIMITATON ACTION,** | ) | |
| **EDLA CIVIL ACTION NO. 15-1206** | ) | |

**CLAIMS OF CREW OF M/V NED FERRY AND M/V G SHELBY FRIEDRICHS**

NOW COME, through undersigned counsel, Claimants, Bret Mattei, Daniel J. Patton, Roy Trosclair, Grant Wilkinson, Paul Ledet, Albert Long, Lloyd Chevis, III, and Daniel Hudson, who respectfully aver:

1.

Claimants, Bret Mattei, Daniel J. Patton, Roy Trosclair, Grant Wilkinson, are all persons of the full age of majority and citizens of the State of Louisiana and this District. Bret Mattei (captain), Daniel J. Patton (deckhand), Roy Trosclair (wheelman), and Grant Wilkinson (engineer) were all crew members of the M/V G SHELBY FRIEDRICHS at the time of the incident made the basis of this consolidated litigation.

2.

Claimants, Paul Ledet, Albert Long, Lloyd Chevis, III, and Daniel Hudson are all persons of the full age of majority and citizens of the State of Louisiana and this District. Paul Ledet (captain), Albert Long (engineer), Lloyd Chevis, III (deckhand), and Daniel Hudson (deckhand)

were all crew members of the M/V NED FERRY at the time of the incident made the basis of this consolidated litigation.

3.

On April 15, 2015, Privocean Shipping Ltd. and Bariba Corporation, as the owners and managing owners, respectively, of the M/V PRIVOCEAN, filed a Verified Complaint in Limitation arising out of the incident and related claims made the basis of this consolidated litigation.

4.

Claimants incurred damages due to the negligence and/or unseaworthiness and/or fault of Privocean Shipping Ltd., Bariba Corporation, as owners and managing owners of the M/V PRIVOCEAN, and as a result of the negligence and fault of the M/V PRIVOCEAN *in rem* during the voyage in question which is the subject of the complaint seeking exoneration from or limitation of liability in the above referenced matter.

5.

This Court has jurisdiction under 28 U.S.C. § 1333. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1402(b).

6.

Beginning on or about April 3, 2015, the M/V PRIVOCEAN called on the berth of Convent Marine Terminal (hereinafter "CMT") to carry a cargo of coal in bulk from CMT located in Convent, Louisiana, to Rotterdam in the Netherlands. The M/V PRIVOCEAN was at all material times a bulk carrier 229 meters in length, 32.3 meters in width, 81,434 metric dead weight tonnage which took on a cargo of coal in bulk of 72,684.26 metric tons loading between April 3, 2015, and April 6, 2015.

7.

The M/V PRIVOCEAN called for assistance of Crescent Towing & Salvage Co., Inc. ("Crescent"), to provide tugs to assist in holding her into the CMT dock between April 3 and April 6, 2016, during loading and shifting operations.

8.

At approximately 1600 hours on April 6, 2015, the M/V PRIVOCEAN broke away from CMT and fell down river toward the Ergon-St. James dock with the M/V TEXAS made up to the port bow of the M/V PRIVOCEAN and the M/V NED FERRY made up to the port stern of the M/V PRIVOCEAN.

9.

At the time of the breakaway of the M/V PRIVOCEAN from the CMT dock located on the left descending bank of the Mississippi River, the M/V BRAVO, an Aframax oil tanker, was located on the right descending bank of the river at Convent, Louisiana, at the Ergon dock where it was in the process of an oil cargo transfer.

10.

At the time of the breakaway of the M/V PRIVOCEAN from CMT dock, the M/V G SHELBY FRIEDRICHS was made up to the M/V BRAVO and providing assistance to hold her into the Ergon-St. James dock.

11.

As the M/V PRIVOCEAN broke away from the CMT dock and fell down river toward the Ergon-St. James dock, the M/V TEXAS remained made up to the M/V PRIVOCEAN. The M/V NED FERRY also remained made up to the M/V PRIVOCEAN, but attempted to contact the M/V PRIVOCEAN crew to release its tug/mooring lines.

12.

The M/V PRIVOCEAN crew failed to respond to the M/V NED FERRY's repeated and urgent calls to release the tug/mooring lines. As the M/V PRIVOCEAN continued to fall downriver towards the M/V BRAVO, the crew of the M/V NED FERRY was finally able to itself release itself from the M/V PRIVOCEAN as it collided with the M/V BRAVO – narrowly avoiding becoming pinned and crushed between the vessels.

13.

As the M/V PRIVOCEAN fell downriver towards the M/V BRAVO, the M/V G SHELBY FRIEDRICHS began efforts to release from the M/V BRAVO. The M/V G SHELBY FRIEDRICHS, however, was unable to release its tug/mooring lines until moments before the M/V PRIVOCEAN collided with the M/V BRAVO – also narrowly avoiding becoming pinned and crushed between the vessels. Further, the crew of the M/V G SHELBY FRIEDRICHS witnessed the M/V TEXAS become pinned and submerged by the M/V PRIVOCEAN colliding with the M/V BRAVO.

## **COUNT I – Negligence, Unseaworthiness & Fault**

14.

The M/V PRIVOCEAN broke away from the CMT dock as a result of the negligence, unseaworthiness, and other fault of the M/V PRIVOCEAN, her owner, master, operators, and charterers in the following non-exclusive particulars:

  a.  Failing to properly tend the ship's mooring line(s);

  b.  Failing to deploy any forward breast lines;

  c.  Failing to use a third tug (to save money);

  d.  Failing to properly secure the ship's mooring lines to the ship's bits and winches which allowed the mooring line to unexpectedly pay out;

4

  e.  Failing to respond to requests for release of the tug line of the M/V NED FERRY;

  f.  Failing to properly communicate with other vessels including, but not limited to, the Crescent tugs;

  g.  Failing to properly maintain the ship's lines and replace any lines which were less than 40% of their breaking strength when new; and

  h.  Other acts and/or omissions of negligence, unseaworthiness, and/or fault as may be revealed in discovery and proven at trial.

15.

Additionally, the M/V PRIVOCEAN accepted the CMT berth within the meaning of *Bunge Corp. M/V FURNACE BRIDGE*, 558 F.2d 796 (1977), *cert denied*, 98 S.Ct. 1488 (1978). The master issued notes of protest concerning the safety of the berth and despite issuance of such notes of protest and problems with the crew including a new chief mate and new chief engineer, the M/V PRIVOCEAN master failed to keep its engines in a ready position which would have allowed the M/V PRIVOCEAN to avoid any collision whatsoever despite the breakaway. Those in charge of the navigation of the M/V PRIVOCEAN were in the process of sending emails as the ship was breaking out of the berth instead of using the ship's engines to maneuver away from the M/V BRAVO and/or Ergon-St. James dock, which are additional acts of negligence that led to the collision.

16.

The owners and operators of the M/V PRIVOCEAN are not entitled to limit their liability to the value of the vessel plus pending freight because the owners and operators of the ship had privy and knowledge of the cause of the casualty, prior to the breakaway.

17.

Claimants, Bret Mattei, Daniel J. Patton, Roy Trosclair, Grant Wilkinson, Paul Ledet, Albert Long, Lloyd Chevis, III, and Daniel Hudson have sustained personal injuries, emotional

losses, and other physical and mental injuries as a result of the incident made the basis of this consolidated litigation, and Claimants bring an action for damages that includes, but is not limited to: (a) general and mental suffering and damages, past, present and future; (b) loss of wages and/or loss of earning capacity, past, present and future; and (c) medical expenses, past, present and future.

### **COUNT II – Non-Resident Watercraft Act**

18.

Claimants reaver all allegations contained in Paragraphs 1-17 of their Complaint.

19.

At all material times Bariba Corp. and Privocean Shipping Ltd. operated a deep draft bulk carrier (the M/V PRIVOCEAN) in the territorial waters of the State of Louisiana.

20.

Pursuant to the provisions of Louisiana's Non-Resident Watercraft Act, La. Rev. Stat. Ann. § 13:3480, Privocean Shipping Ltd. and Bariba Corp. have appointed the Louisiana Secretary of State as their agent for service of process in connection with the above referenced incident because it is a claim for negligence arising out of the operation of a foreign flagged vessel in Louisiana state waters. Moreover, Privocean Shipping Ltd. and Bariba Corp. have sought affirmative relief and protection pursuant to the Federal Limitation of Liability Act in the United States District Court for the Eastern District of Louisiana, and accordingly each has waived *in personam* jurisdiction and/or the specific requirements of service upon the Louisiana Secretary of State. Accordingly, service can effected by electronic delivery of this claim to their counsel of record herein.

## **COUNT III – Direct Action**

21.

Claimants reaver all allegations contained in Paragraphs 1-20 of their Complaint.

22.

At all material times Gard Insurance Company had in force and place a policy of insurance providing general liability coverage for the M/V PRIVOCEAN. Gard Insurance Company, as the liability carrier of M/V PRIVOCEAN, has appointed the Louisiana Secretary of State as its agent for service of process and is subject to suit pursuant to Louisiana's Direct Action Statute, La Rev. Stat. Ann. § 22:655.

23.

Pursuant to the Louisiana Direct Action Statute, even if the value of the M/V PRIVOCEAN is less than $30 million, Claimants are entitled to recovery from Gard Insurance Company in the amount of the agreed insured value of the vessel which is $30 million in accordance with Clauses 18-13 of Nordic Marine Insurance Plan of 2013.

24.

Privocean Shipping Ltd., Bariba Corp., M/V PRIVOCEAN *in rem*, and Gard Insurance Company are jointly and severally liable for all damages sustained by Plaintiffs/Claimants without limitation of any type, kind or nature and without any insurance limits up to the value of the losses sustained.

WHEREFORE, Claimants, Bret Mattei, Daniel J. Patton, Roy Trosclair, Grant Wilkinson, Paul Ledet, Albert Long, Lloyd Chevis, III, and Daniel Hudson, pray that their Complaint be deemed good and sufficient and after due proceedings, that there be judgment in their favor and against Petitioners:

1. Increasing security to the amount of the claims;

2. Denying limitation of liability in all respects;

3. For a judgment jointly, severally and against Privocean Shipping Ltd., Bariba Corp., M/V PRIVOCEAN *in rem*, and Gard Insurance Company *in solido* for all losses and damages sustained; and

4. All further general and equitable relief.

Respectfully submitted:

　　*/s/ Joseph S. Piacun*
JOSEPH S. PIACUN, T.A. (25211)
JACK P. RULI, JR. (17365)
REID S. UZEE (31345)
Gennusa, Piacun & Ruli
4405 North I-10 Service Road, Suite 200
Metairie, Louisiana 70006-6564
Telephone: (504) 455-0442
Facsimile: (504) 455-7565
Email: jpiacun@gprlawyers.com
**Attorneys for Claimants,**
**Bret Mattei, Daniel J. Patton, Roy Trosclair,**
**Grant Wilkinson, Paul Ledet, Albert Long,**
**Lloyd Chevis, III & Daniel Hudson**

Certificate of Service

I certify that on March 24, 2016, I served a copy of this *Claims of Crew of M/V NED FERRY and M/V G SHELBY FRIEDRICHS* on all counsel of record through the Court's CM/ECF electronic filing system.

　　*/s/ Joseph S. Piacun*