UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ERGON — ST. JAMES, INC. and its insurers and underwriters<br>VERSUS<br>M/V PRIVOCEAN, | CIVIL ACTION NO. 15-1121<br>Consolidated with:<br>CIVIL ACTION NO. 15-1137<br>CIVIL ACTION NO. 15-1206<br>JUDGE: ZAINEY<br>MAGISTRATE: KNOWLES<br>**APPLIES TO C.A. NO. 15-1206** |

**CLAIM AND THIRD-PARTY DEMAND
OF ERGON - ST. JAMES, INC., ERGON, INC., ERGON REFINING, INC. AND
MAGNOLIA MARINE TRANSPORT CO. AND THEIR UNDERWRITERS**

**NOW INTO COURT**, through undersigned counsel, come Ergon - St. James, Inc., Ergon, Inc., Ergon Refining, Inc., and Magnolia Marine Transport Co. (collectively "Ergon"), and certain underwriters as outlined below ("Ergon Underwriters"), who file this Claim in the Limitation Action, C.A. No. 15-1206, filed by Privocean Shipping, Ltd. ("Privocean"), Bariba Corporation ("Bariba") and the M/V PRIVOCEAN, *in rem* ("PRIVOCEAN") (sometimes collectively herein "Privocean Interests"), and aver as follows:

1.

Ergon-St. James, Inc. is a corporation organized under the laws of the State of Mississippi, registered and licensed to business in the State of Louisiana and with its principal place of business in St. James, Louisiana.

{N3203150.1}

2.

Ergon, Inc. is a corporation organized under the laws of the State of Mississippi, registered and licensed to business in the State of Louisiana and with its principal place of business in Flowood, Mississippi.

3.

Ergon Refining, Inc. is a corporation organized under the laws of the State of Mississippi, registered and licensed to business in the State of Louisiana and with its principal place of business in Flowood, Mississippi.

4.

Magnolia Marine Transport Co. is a corporation organized under the laws of the State of Mississippi, registered and licensed to business in the State of Louisiana and with its principal place of business in Flowood, Mississippi.

5.

Certain underwriters are foreign organizations and underwriters of insurance policies. These underwriters subscribed to Lockton London Contract Nos. PE1410635, PE1410636, PE 1410633 and PE1410695.  Specifically, certain underwriters include Certain Interested Underwriters at Lloyd's of London and its Members, comprised of a group of syndicates acting by and through their appointed active underwriters, including Syndicates 435, 1967, 318, 510, 1225, 33, 2623, 623, 1969, 2001 and 1200 (collectively "Lloyd's") and PartnerRe Ireland Insurance.  At all times described herein, certain underwriters provided a policy(ies) of insurance to Ergon-St. James, Inc., Ergon, Inc., and/or Ergon Refining, Inc.

6.

This Honorable Court has jurisdiction under 28 U.S.C. §1333.

7.

At all pertinent times, Ergon was the owner and operator of a crude oil terminal located at Mile Marker 160.7 on the right descending back (the west bank) of the Lower Mississippi River in St. James Parish ("Ergon-St. James terminal").

8.

On April 6, 2015, the M/T BRAVO, an Aframax crude oil tanker, was berthed at the Ergon-St. James terminal, discharging a load of crude oil.

9.

Ergon and Ergon Underwriters sustained monetary damage due to the negligence and/or unseaworthiness and/or fault of Privocean and Bariba, as owners and manager owners, respectively, of the PRIVOCEAN, and as a result of the negligence, unseaworthiness and/or fault of the PRIVOCEAN, *in rem*, during the voyage which is the subject of the Limitation Complaint [R. Doc. 1] filed by Privocean Interests, whereby Privocean Interests seek exoneration from or limitation of liability in the above-referenced matter.

10.

On or about April 3, 2015, the PRIVOCEAN called on a berth at Convent Marine Terminal ("CMT") in Convent, Louisiana, located at Mile Marker 161 on the left descending bank of the Mississippi River, to carry a cargo of coal in bulk from CMT to Rotterdam, The Netherlands.  The PRIVOCEAN was moored at the CMT facility, using mooring lines provided by the vessel, its owners and operators.

11.

At all material times, the PRIVOCEAN was a bulk carrier measuring 229 meters in length, 32.3 meters in width, 81,434 metric dead weight tonnage that took a cargo of coal in bulk of 72,684.26 metric tons loading between April 3, 2015, and April 6, 2015.

12.

At approximately 4:00 p.m. on April 6, 2015, the PRIVOCEAN broke away from her moorings, travelled across the Mississippi River towards the Ergon-St. James terminal and, along with her assist tugs, allided with the M/T BRAVO and her two assist tugs, while those vessels were located at the Ergon-St. James terminal.

13.

The PRIVOCEAN fell to port and continued to strike the M/T BRAVO and its assist tugs. For approximately 45 minutes, the PRIVOCEAN pushed the M/T BRAVO into the Ergon-St. James terminal, ripping through Ergon's ship berth and into its barge berth.

14.

As a result of the PRIVOCEAN's allision with the M/T BRAVO and Ergon-St. James terminal, oil was released into the river from the offloading operation. Ergon immediately engaged its pollution response team to respond to the incident, contain and clean up any existing oil.

15.

As a result of the PRIVOCEAN's allision with the M/T BRAVO and Ergon-St. James terminal, the dock and equipment at the Ergon-St. James terminal were destroyed and/or significantly damaged. The Ergon-St. James terminal could not receive vessels for loading and unloading operations and Ergon's ability to use its barge terminal was also limited. The Ergon-

St. James terminal was closed for repairs for a substantial amount of time, and repairs remain ongoing.

16.

Ergon-St. James, Inc., Ergon, Inc., Ergon Refining, Inc., and Magnolia Marine Transport Co. have all suffered losses, including additional uninsured losses, as a result of the negligence, unseaworthiness and/or fault of the PRIVOCEAN and Privocean Interests, as outlined below.

17.

Ergon Underwriters are legally and equitably subrogating to Ergon for payments that have been made or will be made a result of the negligence, unseaworthiness and/or fault of the PRIVOCEAN and Privocean Interests, as outlined below.

18.

In addition, Ergon and Ergon Underwriters specifically plead, pursuant to the Oil Pollution Act of 1990, 33 U.S.C. §§2701, *et seq.*, that the PRIVOCEAN alone, or in combination with other parties for whom Ergon and Ergon Underwriters are not responsible, should be treated as the responsible party under the Oil Pollution Act of 1990, specifically, 33 U.S.C. §2702. Ergon has never been designated as "Responsible Party," and the sole-fault responsible party under the statute must step into Ergon and Ergon Underwriters' stead to handle claims under the Oil Pollution Act of 1990, if any.

19.

To the extent that claims are made against Ergon and Ergon Underwriters pursuant to the Oil Pollution Act of 1990, Ergon and Ergon Underwriters specifically plead the limits of liability found in 33 U.S.C. §2704.

20.

Alternatively, to the extent that claims are made against Ergon-St. James and Ergon Underwriters pursuant to the Oil Pollution Act of 1990, Ergon and Ergon Underwriters specifically plead its right to contribution and/or indemnity and/or subrogation from PRIVOCEAN and/or Privocean Interests under the Oil Pollution Act of 1990, specifically 33 U.S.C. §§2706 and 2715(a).

### FIRST CAUSE OF ACTION: NEGLIGENCE, UNSEAWORTHINESS AND FAULT OF PRIVOCEAN INTERESTS

21.

The PRIVOCEAN broke away from her moorings as a result of the negligence, unseaworthiness, fault and/or failure to exercise reasonable care of the PRIVOCEAN, her owner, master, operators, charterers, including Privocean Interests, in:

(1) failing to properly tend to the PRIVOCEAN's mooring line(s);

(2) failing to deploy any forward breast lines;

(3) failing to use a sufficient number of appropriate mooring lines, having adequate strength and in proper conditions;

(4) failing to properly take into account the high river stage and swift river current in securing the PRIVOCEAN to its berth;

(5) failing to make sure the PRIVOCEAN was properly moored and secured to its berth;

(6) failing to provide and utilize mooring line(s) in good working order;

(7) failing to follow policies and procedures in making determinations as to the proper and safe mooring of the PRIVOCEAN;

(8) failing to perform a necessary risk assessment;

(9) failing to draft a written mooring plan;

(10) failing to properly secure the ship's mooring lines to the ship's bits and

winches;

(11) failing to utilize additional support tug(s);

(12) failing to have a licensed river pilot aboard the vessel while berthed;

(13) failing to properly communicate with other vessels;

(14) failing to properly train, orientate and instruct its crewmembers and personnel;

(15) failing to keep its engines in a ready position;

(16) failing to properly navigate and control the PRIVOCEAN, including failing to take necessary evasive maneuvers to avoid collision with the M/T BRAVO and the Ergon-St. James terminal; and

(17) other acts and/or omissions of negligence, unseaworthiness and fault as may be revealed in discovery and proven at trial.

22.

Additionally, the PRIVOCEAN and Privocean Interests accepted the berth within the meaning of *Bunge v. M/V FURNESS BRIDGE*, 558 F.2d 790 (5th Cir. 1977).

23.

Ergon and Ergon Underwriters sustained significant loss as a result of the PRIVOCEAN's allision, including property damage to its terminal and loss of use of its terminal. Additional losses include survey fees, repair and replacement costs, salvage costs, attorney's fees, costs of spill and clean-up response and other incidental expenses.

24.

Ergon-St. James, Inc., Ergon, Inc., Ergon Refining, Inc., and Magnolia Marine Transport Co. have all suffered losses, including additional uninsured losses, as a result of the negligence, unseaworthiness and/or fault of the PRIVOCEAN and Privocean Interests.

25.

Ergon Underwriters are legally and equitably subrogating to Ergon for payments that have been made or will be made a result of the negligence, unseaworthiness and/or fault of the PRIVOCEAN and Privocean Interests.

26.

Privocean Interests are not entitled to limit their liability to the value of the vessel plus pending freight as Privocean Interests had privity and knowledge of the negligence, unseaworthiness and/or fault of the PRIVOCEAN, as well as the problems and issues associated with the PRIVOCEAN's berth prior to the vessel's breakaway and are, therefore, precluded from limiting their liability.

## SECOND CAUSE OF ACTION: NON-RESIDENT WATERCRAFT ACT

27.

Ergon and Ergon Underwriters re-allege and re-aver the previous allegations as if set forth herein *in extenso*.

28.

Privocean and Bariba owned and operated a deep draft bulk carrier in the territorial waters of the State of Louisiana.

29.

Pursuant to the provisions of Louisiana's Non-Resident Watercraft Act, La. R.S. §§13:3479 and 13:3480, Privocean and Bariba have appointed the Louisiana Secretary of State as their agent for service of process in connection with the above-referenced matter as it involves a claim for negligence arising out of the operation of a foreign-flagged vessel in Louisiana state waters.  Further, Privocean and Bariba have sought affirmative relief and protection under the

Limitation of Liability Act of 1851 in this Honorable Court, accordingly waiving any defenses to *in personam* jurisdiction and/or the specific requirements of service upon the Louisiana Secretary of State. As such, service may be effectuated by electronic delivery of this claim to counsel of record.

30.

Ergon-St. James, Inc., Ergon, Inc., Ergon Refining, Inc., and Magnolia Marine Transport Co. have all suffered losses, including additional uninsured losses, as a result of the negligence, unseaworthiness and/or fault of the PRIVOCEAN and Privocean Interests.

31.

Lockton London are legally and equitably subrogating to Ergon for payments that have been made or will be made a result of the negligence, unseaworthiness and/or fault of the PRIVOCEAN and Privocean Interests.

**AND NOW**, assuming the role of Third-Party Plaintiffs, come Ergon and Ergon Underwriters, who under Rule 14 of the Federal Rules of Civil Procedure, name and make demand upon Third-Party Defendant, Gard P&I (Bermuda) Ltd. ("Gard"):

### THIRD CAUSE OF ACTION: DIRECT ACTION AGAINST GARD

32.

Ergon and Ergon Underwriters re-allege and re-aver the previous allegations as if set forth herein *in extenso*.

33.

Third-Party Defendant, Gard, is a foreign insurer licensed to do and/or doing business in the State of Louisiana.

34.

Under Rule 14(c) of the Federal Rules of Civil Procedure, a Third-Party Plaintiff may make demand upon a Third-Party Defendant who may be wholly or partly liable to a Third-Party Plaintiff for remedy over, contribution or otherwise on account of the same transaction, occurrence, or series of transactions or occurrences.

35.

This Honorable Court has jurisdiction under 28 U.S.C. §1333 and this claim falls within this Honorable Court's jurisdiction under Rule 9(h) of the Federal Rules of Civil Procedure.

36.

Venue is proper under 28 U.S.C. §1391(b).

37.

The PRIVOCEAN is insured with Gard, which has provided coverage under a protection and indemnity policy.

38.

Gard, as PRIVOCEAN's insurer, has appointed the Louisiana Secretary of State as its agent for service of process and is subject to suit under Louisiana's Direct Action Statute, La. R.S. §22:1269.

39.

Ergon-St. James, Inc., Ergon, Inc., Ergon Refining, Inc., and Magnolia Marine Transport Co. have all suffered losses, including additional uninsured losses, as a result of the negligence, unseaworthiness and/or fault of the PRIVOCEAN and Privocean Interests.

40.

Ergon Underwriters are legally and equitably subrogating to Ergon for payments that

have been made or will be made a result of the negligence, unseaworthiness and/or fault of the PRIVOCEAN and Privocean Interests.

41.

Pursuant to the Louisiana Direct Action Statute, Ergon and Ergon Underwriters are entitled to recover from Gard in the amount of the agreed insured value of the PRIVOCEAN, as outlined in the applicable insurance policy.

42.

Privocean, Bariba, the PRIVOCEAN, *in rem*, and Gard are jointly and severally liable for all damages and losses sustained by Ergon and Ergon Underwriters without limitation of any type, kind or nature and without the benefit of any insurance limits.

**WHEREFORE**, Ergon - St. James, Inc., Ergon, Inc., Ergon Refining, Inc., and Magnolia Marine Transport Co. and certain underwriters noted above pray as follows:

(1) that their Claim be deemed good and sufficient;

(2) that, after due proceedings had, there be judgment in their favor and against Privocean Shipping Ltd., Bariba Corporation, the M/V PRIVOCEAN, *in rem*, and Gard P&I (Bermuda) Ltd.;

(3) that this Honorable Court increase security to the amount of their claims;

(4) that this Honorable Court deny Privocean Interests' prayer for limitation of liability;

(5) that this Honorable Court award all losses and damages sustained by Ergon - St. James, Inc., Ergon, Inc., Ergon Refining, Inc., and Magnolia Marine Transport Co. and certain underwriters noted above, including costs, attorney's fees and interests;

(6) that this Honorable Court find that Privocean Interests are the sole fault responsible party for any spill of oil or pollution as a result of this incident and within the meaning of the Oil Pollution Act of 1990, specifically, 33 U.S.C. §2704; and

(7) for all general and equitable relief to which they may be entitled.

Respectfully submitted,

*/s/ C. Barrett Rice*
C. BARRETT RICE (#30034)
JEFFERSON R. TILLERY (#17831)
CATHERINE S. CORDES (#35090)
HANSFORD P. WOGAN (#34825)
Jones Walker LLP
201 St. Charles Avenue - 48th Floor
New Orleans, Louisiana 70170-5100
Telephone: (504) 582-8238
Facsimile: (504) 589-8238
E-Mail: brice@joneswalker.com
jtillery@joneswalker.com
kcordes@joneswalker.com
fwogan@joneswalker.com

*Attorneys for Ergon - St. James, Inc., Ergon, Inc., Ergon Refining, Inc., and Magnolia Marine Transport Co., and Certain Underwriters*

**PLEASE SERVE:**
**THIRD-PARTY DEFENDANT,**
**GARD P&I (BERMUDA) LTD.**
**THROUGH THE LOUISIANA SECRETARY OF STATE**
**TOM SCHEDLER**
**8585 ARCHIVES AVENUE**
**BATON ROUGE, LA 70809**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing document has been forwarded to all counsel of record by hand, electronic filing, facsimile, email and/or depositing a copy of same in the U. S. mail, postage prepaid and properly addressed this 6th day of April, 2016.

*/s/ C. Barrett Rice*